This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LELAND W. HACKETT,**

 Petitioner-Appellant,

**v.**                                              **No. 32,386**

**DOROTHY JANET WADE, Personal Representative,**

 Respondent-Appellee,

**IN THE MATTER OF THE ESTATE OF BILLY JOE HELM, Deceased**.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Leland W. Hackett
Artesia, NM

Pro Se Appellant

Wilfred T. Martin, Jr.
Carlsbad, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

Petitioner appeals from the district court order dismissing his petition to set aside the informal probate of Billie Joe Helm's last will and testament. Petitioner identifies four issues on appeal: (1) the district court erred in finding the oral agreement between Helm and Petitioner unenforceable; (2) the district court erred in finding Petitioner was not an interested person as defined by NMSA 1978, Section 45-1-201(A)(26) (2011); (3) the district court erred in concluding that Petitioner had no standing to bring an action to have Helm's will set aside; and (4) the district court erred in its determination that Petitioner's claim of tortious interference had nothing to do with the probate of the will. [DS 5-6] This Court issued a calendar notice proposing to reverse. Respondent has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we reverse.

In this Court's calendar notice, we pointed out that Section 45-1-201(A)(26) of the Uniform Probate Code defines an "interested person" to include: "heirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent." We further pointed out that Petitioner had alleged a claim of tortious interference with expected inheritance. [CN 3; RP 75] We noted that "where matters relating to the validity of the testamentary instrument are present, the courts have determined that the probate proceeding is the

2

proper place to pursue such issues." *Peralta v. Peralta*, 2006-NMCA-033, ¶ 13, 139 N.M. 231, 131 P.3d 81. [CN 4] We therefore proposed to conclude that Petitioner had "an interest in the probate proceedings and the district court erred in not addressing the impact of Petitioner's claim for tortious interference with an expectation of inheritance in determining that dismissal was appropriate." [CN 5]

In her memorandum in opposition, Respondent points out that Petitioner argued his tortious interference with inheritance claim at the hearing, but the district court considered Petitioner's claim and still determined Petitioner lacked standing. [MIO unpaginated 2][1] Respondent does not, however, address this Court's proposed disposition to the extent we proposed to conclude that Petitioner had an interest in the probate proceedings based on his allegations of tortious interference with an expected inheritance. [CN 4 ("[W]e suggest that, given Petitioner's allegations of undue influence and his inability to recover through probate, he may have a claim available to him of tortious interference with an expected inheritance.")] While Respondent asserts that the district court considered Petitioner's claim of tortious interference, Respondent does not argue why the district court's determination that Petitioner lacked standing was correct or, likewise, why this Court's suggestion that Petitioner

---

[1] This Court directs Respondent-Appellee to Rule 12-305(B)(3) NMRA, which requires that documents filed with this Court be "paginated with consecutive page numbers at the bottom."

had established that he had standing by alleging a tortious interference with inheritance claim was in error. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

Moreover, to the extent Respondent contends that Petitioner does not have standing because he cannot establish he is an heir, Respondent again fails to address the analysis contained in our proposed disposition. [MIO unpaginated 2-3] The tort of intentional interference with expected inheritance "will not lie when probate proceedings are available to address the disposition of disputed assets and can otherwise provide adequate relief." *Wilson v. Fritschy*, 2002-NMCA-105, ¶ 35, 132 N.M. 785, 55 P.3d 997. Thus, Respondent's argument that Petitioner cannot demonstrate that he can inherit through intestacy does not address this Court's proposed conclusion that Petitioner's claim of tortious interference with expected inheritance provides him standing. Because this Court has previously held that "where matters relating to the validity of the testamentary instrument are present . . . the probate proceeding is the proper place to pursue such issues[,]" *Peralta*, 2006-NMCA-033, ¶13, and because in order to establish a claim of tortious interference with expected inheritance Petitioner would have to challenge the validity of the codicil, *id.*

¶ 16, we conclude that the district court erred in dismissing Petitioner's petition to set aside informal probate. *See also* NMSA 1978, § 45-3-401(A)(2) (1975) (providing that "[a] formal testacy proceeding may be commenced by an interested person filing[] . . . a petition to set aside an informal probate of a will or to prevent informal probate of a will which is the subject of a pending application"); Section 45-1-201(A)(26) (defining an "interested person" as including "any others having a property right in or claim against a trust estate or the estate of a decedent").

For the reasons stated above and in this Court's notice of proposed disposition, we reverse and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**